# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELE ARTIS,

        Plaintiff-Appellant,

v

DEPARTMENT OF CORRECTIONS, CRAIG
FURLONG, JOHN DOE, DIRECTOR OF THE
DEPARTMENT OF CORRECTIONS,
LEONARD WALLACE, and SHAWN BREWER,

        Defendants-Appellees.

UNPUBLISHED
September 12, 2017

No. 333815
Ingham Circuit Court
LC No. 15-000540-CD

Before: HOEKSTRA, P.J., and METER and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendants summary disposition in this case involving the Family and Medical Leave Act (FMLA), 29 USC 2601 *et seq*. We affirm.

On July 1, 2015, plaintiff filed her complaint, alleging a willful violation of the FMLA.[1] Plaintiff alleged as follows in the complaint: She began employment with defendant Michigan Department of Corrections (MDOC) around 2008 and consistently received favorable performance reviews. In May 2012 she began working at the G. Robert Cotton Correctional Facility. In June 2012 she began experiencing symptoms of bipolar disorder, and she was admitted to the hospital for mental exhaustion and depression on or around June 28, 2012. On or around June 28, 2012, plaintiff contacted a supervisor, defendant Leonard Wallace, indicating that she was in the hospital and could not return to work until authorized by her doctors.[2] On or around June 29, 2012, MDOC issued plaintiff a letter indicating that she needed to return to work by July 1, 2012, or be terminated. On or around July 3, 2012, MDOC issued plaintiff a letter terminating her employment as of July 1, 2012.

Plaintiff alleged that defendants terminated her in violation of her rights under the FMLA and that, therefore, she was entitled to be reinstated.

---

[1] Plaintiff raised additional claims under state law, but they are not at issue on appeal.

[2] As explained *infra*, plaintiff did not support this statement in her deposition.

-1-

On August 4, 2015, defendants moved for dismissal of the FMLA claim under MCR 2.116(C)(7) and (8), alleging immunity on the part of MDOC and alleging a violation of the statute of limitations with regard to all defendants. Defendants also claimed that plaintiff "failed to state a claim in that she did not assert both that the Defendants had knowledge of the use of FMLA leave and that they took part in [plaintiff's] termination." In their supporting brief, defendants argued, in part, that the limitations period for a FMLA reinstatement claim is two years, with the only exception being for a "willful" violation of the statute. Defendants alleged that plaintiff had "completely failed to address how any of the Defendants willfully violated the FMLA." They further argued that plaintiff failed to allege that any of "the state officials being sued played any role in her termination."

On September 8, 2015, plaintiff filed a brief in opposition to defendants' motion. She argued that a proper defendant in her action was anyone with the "authority to . . . bring[] [plaintiff] back to work," "regardless of whether [this person] knew of and approved [plaintiff's] use of FMLA or her termination." Plaintiff also claimed that a three-year limitations period applied under 29 USC 2617(c)(2) because she had adequately alleged a willful violation of the FMLA. She stated that defendants knew that she had a serious medical condition that required hospitalization and knew she was taking FMLA leave. In a response to requests for admission filed on February 8, 2016, defendants admitted that plaintiff had been approved for FMLA leave in September 2010 but denied that they knew that plaintiff was hospitalized in June 2012 and was taking FMLA leave in June 2012.

On September 16, 2015, the court denied the motion to dismiss in an oral ruling from the bench, in essence concluding that plaintiff had stated a valid claim and that more discovery was needed.

Defendants filed a motion for summary disposition under MCR 2.116(C)(7) and (10) on May 9, 2016. Among other things, defendants alleged that MDOC Human Resources Officer Paulos Asfada terminated plaintiff and that Asfada had no knowledge of plaintiff's telephone call on June 28, 2012, regarding her being in the hospital. Defendants also emphasized that, during that call, plaintiff did not indicate that she would be missing multiple days of work.

Defendants attached numerous supporting documents to their motion for summary disposition. One is a letter from Asfada to plaintiff dated June 29, 2012, in which Asfada stated: "You have been absent from work without authorization since Thursday, June 28, 2012, when you failed to report to work or adequately report your absence. You must immediately report to work or contact our office and provide adequate documentation to justify your absence from work. Failure to do so, on your part by Sunday, July 1, 2012, will result in you being separated from State service for unauthorized absence." Also attached was an email chain in which Lieutenant Charles Pohl, on July 1, 2012, notified Asfada that, on July 27, 2012, plaintiff "called in stating she wanted annual with not enough leave credits to cover it. She was told she did not have enough time and she told Sgt. Gilbert[3] that she didn't care and wasn't coming in. . . . [Plaintiff] was a no call no show Thursday 6/28, Friday 6/29, Saturday 6/30, and Sunday 7/01."

_____

[3] The record is unclear regarding Gilbert's first name.

Asfada sent an email on July 2, 2012, asking if Human Resources had "received any medical on [plaintiff] . . . ." Ashley Norton of the Civil Service Commission replied, "I don't have an active claim for [plaintiff]. She previously contacted our office for intermittent FMLA, however, nothing was ever returned."

A July 3, 2012, letter from Asfada to plaintiff indicated that she was being terminated, with an effective date of July 1, 2012, for failing to report to work or provide documentation justifying her absence. Asfada filed an affidavit stating that he "proceeded with [the] termination . . . based solely on my belief that she had failed to call in and report her absences and was thus considered to be absent without authorized leave." He stated, "At the time I signed the . . . termination letter . . . I believed that [plaintiff] had failed to call in and report her absences since her June 27, 2012 conversation with Sergeant Gilbert. I was unaware of any additional conversations that [plaintiff] had with MDOC staff regarding her absence."

Defendants also attached to their motion for summary disposition a facsimile from Oaklawn Hospital wherein plaintiff requests FMLA leave. It is dated July 9, 2012, and indicates that plaintiff's condition commenced on June 28, 2012, and that she was hospitalized from July 4, 2012, to July 9, 2012.

Defendants also provided the transcript of the March 15, 2016, deposition of plaintiff. Plaintiff testified that she called into work either the day she was admitted to the hospital or the day after[4] and spoke with Wallace, who was part of the second-shift command structure, telling him "[t]hat I was admitted to the hospital and if he would be so kind to let third shift [i.e., plaintiff's assigned shift] know."[5] Plaintiff admitted that she did not tell Wallace how long she would be away from work or how long she would be in the hospital. Plaintiff answered "No" when asked, "Did you tell him anything that would lead him to believe that you were going to be absent for more than the one day?" Plaintiff stated that she spent about five days in the hospital. When asked why the facsimile from Oaklawn Hospital indicated an admission date of July 4, not June 28, plaintiff stated that "[i]t possibly could be an error by the doctor."

Plaintiff admitted that she did not call into work again after her telephone call with Wallace, stating, "I didn't think that I needed to call in every day."

Plaintiff filed a responsive brief on June 1, 2016. She provided evidence that she had previously sought FMLA leave in 2010 and was hospitalized from September 16, 2010, to September 22, 2010. Plaintiff argued that this fact, combined with the fact that she called Wallace and stated that she was in the hospital, triggered a duty for defendants to further investigate her claim and realize that she was taking FMLA leave. She argued that the email

---

[4] Plaintiff stated that she believed she was admitted to the hospital on June 28, 2012.

[5] Plaintiff stated that she was supposed to contact Human Resources but she could not get through to that department, so she contacted Wallace instead.

chain revealed that Asfada knew about plaintiff's telephone call to Wallace.[6] Plaintiff contended that there was a question of fact concerning whether defendants willfully violated the FMLA.

The motion hearing took place on June 8, 2016, and the trial court issued a written opinion and order granting the motion on June 22, 2016, giving numerous alternative bases for its ruling. The court emphasized the email chain, stating, "There is no indication that [Asfada] knew or even should have known that Plaintiff's request for annual leave was for medical purposes." The court found that there was insufficient evidence of willfulness, the two-year limitations period applied, and plaintiff's claim was untimely. It further found that "there is no evidence to support a causal connection between Plaintiff's use of FMLA leave and her termination . . . ." The court additionally found that "there is no individual liability for public employees" under the FMLA and that "the individual defendants named in this case were not properly named because none of them have the authority to reinstate the Plaintiff."

We review de novo a ruling on a motion for summary disposition. *Dextrom v Wexford County*, 287 Mich App 406, 416; 789 NW2d 211 (2010).

> Under [MCR 2.116(C)(10)], a party may move for dismissal of a claim on the ground that there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law. The moving party must specifically identify the undisputed factual issues and support its position with documentary evidence. When reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a court must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists. A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence. [*Dextrom*, 287 Mich App at 415-416 (citations omitted).]

In addition:

> When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [*Dextrom*, 287 Mich App at 428-429 (citations omitted).]

---

[6] We note that the email chain does not mention a telephone call to Wallace.

Plaintiff's FMLA claim may be deemed timely only if she adequately set forth a claim for a "willful" violation, because such willfulness extends the normal two-year limitations period to three years. See 29 USC 2617(c)(2). Plaintiff claims that the trial court erred in finding her claim untimely because she adequately established a prima facie case of a willful FMLA violation.

We do not agree. In an analogous context, the United States Supreme Court has defined "willful" conduct as occurring when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute . . . ." *McLaughlin v Richland Shoe Co*, 486 US 128, 133; 108 S Ct 1677; 100 L Ed 2d 115 (1988).[7] The standard requires more than mere negligence. *Id*. at 134. Plaintiff herself, citing *Maher v Int'l Paper Co*, 600 F Supp 2d 940, 951 (WD Mich, 2009), admits that "an employer's general knowledge about the statute's potential applicability, by itself, fails to demonstrate willfulness." (Quotation marks and citations omitted.) The facts, when viewed in the light most favorable to plaintiff, demonstrate that plaintiff called a supervisory employee and stated that she had been admitted to the hospital and would not be coming into work that day. However, plaintiff admitted that she did *not* indicate how long she would be away from work or how long she would be in the hospital. Plaintiff answered "No" when asked, "Did you tell [Wallace] anything that would lead him to believe that you were going to be absent for more than the one day?" Plaintiff admitted that she did not call into work again after her telephone call with Wallace, stating, "I didn't think that I needed to call in every day."

Plaintiff apparently believes that defendants acted in reckless disregard of her FMLA rights because she informed them that she was in the hospital on or around June 28, 2012, and because, in 2010, she had claimed FMLA leave. We cannot agree that these purported facts could lead any reasonable person to conclude that defendants acted recklessly, especially given plaintiff's response of "No" when asked whether she told Wallace anything that would lead him to believe that she was going to be absent for more than one day. That she had claimed FMLA leave two years earlier was insufficient to reasonably put defendants on notice or on constructive notice that her unexplained absence in 2012 was related to the FMLA.

Keeping in mind that "willfulness" requires more than mere negligence, we note that the cases plaintiff cites in support of her "willfulness" argument do not change our conclusion. Plaintiff relies on *Miller v GB Sales & Service, Inc*, 275 F Supp 2d 823 (ED Mich, 2003), but this case does not discuss willfulness under the statute. Nor does *Walton v Ford Motor Co*, 424 F3d 481 (CA 6, 2005), or *Cavin v Honda of American Mrg, Inc*, 346 F3d 713 (CA 6, 2003), superseded by statute as stated in *Rentz v Hospital*, 195 F Supp 3d 933, 941 (ED Mich, 2016). Plaintiff also relies on *Rodriguez v Ford Motor Co*, 382 F Supp 2d 928, 936-937 (ED Mich, 2005), but *Rodriguez* is clearly distinguishable from the present case. In *Rodriguez*, the defendant knew, before termination, that the plaintiff had been severely injured at work, and the plaintiff's physician had faxed the defendant an "off work" slip. *Id*. at 930-931. In addition, the

---

[7] The *McLaughlin* Court was analyzing a statute that, like the FMLA, provides a longer limitations period for willful violations. *McLaughlin*, 486 US at 132.

plaintiff's physician told the defendant's physician that the plaintiff was not able to work. *Id.* at 931. Plaintiff also cites *Butler v Owens-Brockway Plastics Products, Inc*, 199 F 3d 314, 317 (CA 6, 1999), but in that case, the court merely remanded the case for an evaluation of willfulness because the lower court had not addressed the issue. Plaintiff also relies on *Whitaker v Stamping*, 302 FRD 138 (ED Mich, 2014), but that case, too, is distinguishable in that the plaintiff in *Whitaker* provided medical certificates and notice of his need to take time off for medical reasons. See *id.* at 140.[8]

The facts of the present case simply do not demonstrate a willful violation of the FMLA. As such, the trial court correctly held that the statute of limitations barred plaintiff's claim. In light of our ruling, we need not address the additional issues raised by plaintiff on appeal.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Patrick M. Meter
/s/ Kirsten Frank Kelly

---

[8] We decline to address the additional unpublished case relied on by plaintiff.